IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAROLD DUTRA, JR., et al., | No. 02-5940 MMC |
| Plaintiff, | **ORDER DIRECTING PLAINTIFFS TO SHOW CAUSE WHY CLAIMS AGAINST JAMES PENDERGAST SHOULD NOT BE DISMISSED FOR FAILURE TO PROSECUTE** |
| v. | |
| CITY OF HALF MOON BAY, et al., | |
| Defendants / | |

Plaintiffs filed their original complaint in the above-titled action on December 26, 2002. On September 4, 2003, plaintiffs served the summons and the First Amended Complaint ("FAC") upon defendant James Pendergast ("Pendergast"). Thereafter, following the Court's dismissal of the FAC with leave to amend, plaintiffs, on December 1, 2003, filed a Second Amended Complaint ("SAC").[1] On December 5, 2003, plaintiffs requested the Clerk of the Court enter Pendergast's default. The Clerk of the Court, by notice filed December 8, 2003, declined.[2] On July 26, 2004, plaintiffs, having filed no

---

[1] With respect to Pendergast, the SAC substantively differs from the FAC in that plaintiffs alleged additional wrongful conduct, (see, e.g., SAC ¶¶ 17-25), and alleged that Pendergast was liable for such conduct as an agent, (see SAC ¶ 7), and as a conspirator, (see SAC ¶¶ 29).

[2] Although plaintiffs never challenged the Clerk's declination, the Court observes that such declination was correct because plaintiffs did not provide any evidence, much less allege, that they served the SAC on Pendergast.

proof of service of the SAC on Pendergast, filed a Third Amended Complaint ("TAC"), upon stipulation of the other defendants, who had been served.[3]  An additional year from the filing of the TAC has passed and, as of today's date, plaintiffs do not appear to have taken any steps to prosecute their claims against Pendergast.

Accordingly, the Court hereby ORDERS PLAINTIFFS TO SHOW CAUSE, in writing and no later than August 15, 2005, why their claims against Pendergast should not be dismissed for failure to prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.  If plaintiffs fail to timely respond, the Court will dismiss the claims against Pendergast pursuant to Rule 41(b).

**IT IS SO ORDERED.**

Dated: July 25, 2005                                        /s/ Maxine M. Chesney
                                                            MAXINE M. CHESNEY
                                                            United States District Judge

---

[3]With respect to Pendergast, the primary substantive difference between the SAC and TAC is that the latter pleading does not include references to the existence of a conspiracy among the individual defendants.

2